## Glenn *vs* Coleman.                CHANCERY.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Attachments.   Mechanic's Liens.*        Case 43.

JUDGE EWING delivered the opinion of the Court.        *October* 10.

B. H. & B. W. THURMAN filed their bill against James    The case stated.
H. Coleman, to enforce their lien on a house and lot in
Louisville, for their bill of $183 21, which ws due for
work and labor done on the house as carpenters.   Process
was executed on the 2d day of September, 1839, and a
decree was rendered for the amount of the bill, and a sale
of the house and lot ordered on the 5th of February, 1841,
on a credit of six, twelve and eighteen months, and a com-
missioner appointed to make the sale.   On the 16th of
March, 1841, the commissioner made report to the Court
that he had sold the house and lot, and Tyree H. Glenn
being the highest bidder, had become the purchaser, for
the sum of $550, and executed his three bonds, with se-
curity for equal parts, payable in six, twelve and eighteen
months, which bonds were reported to the Court.

That portion of the two first bonds which was payable
to the Thurmans having been paid, James H. Coleman
moved the Court for a rule against Glenn and his surety,
to show cause why they had not paid said two bonds, they
both being due.   To this rule Glenn appeared, and by a
written response showed to the Court, that executions had
issued on two judgments recovered in the Jefferson Cir-
cuit Court, against James H. Coleman, one in favor of J.
& J. Anderson for $200, the other in favor of B. Mur-
phy for $358 64¼, which on the 7th of March, 1840, were
levied on the house and lot, as the property of said Cole-
man, and the same was afterwards sold, and he, Glenn,
became the purchaser, at $400.   That the house and lot
having been valued at $800, Coleman's equity of redemp-
tion was afterwards levied on and sold, and he had ac-
quired it from the purchaser.   And the time of redemp-
tion having expired, and the property not being redeem-
ed, the Sheriff had made him a deed for the same.   He

exhibits with his response, copies of the judgments, exe-- cutions and returns, and the Sheriff's deed to him, and resists the payment of a greater amount of his purchase under the decree than will satisfy the claim of the Thurmans and the costs. The Court adjudged his response insufficient, and made the rule absolute, and ordered an attachment against him for a contempt, in failing to pay the balance of the money. Glenn has brought the case to this Court, and asks a reversion of these orders.

Though a bill be pending to render effectual a mechanic's lien may not be defeated by the levy of an execution, yet a sale will vest the purchaser with any interest of the defendant, beyond what is necessary to satisfy such lien, and to that extent the sale would be effectual.

Though the jurisdiction had attached, and the suit was *pending*, and in vigorous prosecution in the Chancellor's Court, before and at the time of the levy and sale under the executions, it was pending for a specific object only, the enforcement of the mechanic's lien, and the payment of their bill. This object could not be overreached, or defeated by the sale under the executions, any more than it could be overreached or defeated by a sale made by Coleman himself. Nor could the property, by either mode of sale, be withdrawn from the power of the Chancellor, so far as might be necessary to carry out and effect the objects of the bill. To that extent he had as full power and control over it as if no sale had been made. But a sale, whether made by the defendant himself, or under execution, is not rendered *void* by the prior institution and *pendency* of a chancery suit against the same property; but is voidable *sub modo* only, or so far as may be necessary to accomplish the objects of the chancery suit. A sale made by either mode, is good between the parties, or between the debtor and the purchaser under execution. It has the effect to transfer the title of the defendant to the purchaser, and to invest him with all the rights direct and incidental, which the defendant held or was invested with, subject, however, to the same power and control and equitable disposition of the Chancellor, in the hands of the purchaser, as it was subject to in the hands of the defendant, and no other or greater. Had the house and lot been susceptible of a division, and advantageous sale of part only, in satisfaction of the Thurmans' bill and costs, so much only as was necessary for its payment, should have been sold under the decree, and in that case the residue would have been the unquestiona-

ble property of Glenn as purchaser under the executions, as the same would have remained the property of Coleman, had no sale under the execution been made.— Though by reason of the condition of the house and lot, it was necessary to sell the whole, yet so much only of the proceeds as would pay the Thurmans' debt and costs, fully satisfied the claims of the pending suit, and as the residue, if no sale under execution had been made, would have belonged to Coleman, so it belongs to Glenn, who by his purchase under the executions and Sheriff's deed, is invested with all his rights. The order, therefore, making the rule absolute, and ordering an attachment against Glenn for a contempt for his failing to pay the residue, was erroneous and useless, as the money when paid belonged to himself.

Theseorders are, therefore, reversed, and cause remanded; that Glenn and his surety may be acquitted and discharged from the payment of the residue of the amount of their bonds, for the purchase of the house and lot, over and above an amount sufficient to pay the Thurmans' demand, interest, and costs. And plaintiff in error is entitled to his costs in this Court.

*Coke* for plaintiff.